IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COALITION FOR SPIRITUAL AND PUBLIC LEADERSHIP; FR. LARRY DOWLING; SR. JEREMEY MIDURA; FR. DENNIS BERRY; FR. DAN HARTNETT; and MICHAEL N. OKIŃCZYC-CRUZ | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  25 C 14168 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| MARKWAYNE MULLIN; TODD LYONS; MARCOS CHARLES; RUSSELL HOLT; RODNEY S. SCOTT; PAMELA BONDI; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF JUSTICE; DONALD J. TRUMP | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PRELIMINARY INJUNCTION ORDER**

Plaintiffs moved for a supplemental preliminary injunction (Doc. 33) against defendants, requesting access to minister to migrants and detainees in the Immigration and Customs Enforcement ("ICE") facility in Broadview, Illinois ("Broadview") for the holidays surrounding Easter collectively known as "Holy Week."  Plaintiffs allege that defendants' blanket denial of their access to Broadview violates plaintiffs' rights under the Free Exercise Clause of the First Amendment to the United States Constitution, the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, et seq., and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.  Defendants did not file a response to the motion.  The court heard argument from counsel on March 31, 2026.  For the reasons below and stated on the record, the court grants in part plaintiffs' motion for a

1

supplemental preliminary injunction (Doc. 33).[1]

To obtain a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Of these four factors, "[t]he two most important considerations are likelihood of success on the merits and irreparable harm." Bevis v. City of Naperville, Illinois, 85 F.4th 1175, 1188 (7th Cir. 2023). In establishing a likelihood of success on the merits, the plaintiff "need not demonstrate likelihood of success by a preponderance of the evidence," but must "nevertheless make a 'strong' showing that reveals how it proposes to prove its case." Id. In addition, a plaintiff seeking a preliminary injunction must show more than "a mere possibility of irreparable harm." Id. Although defendant did not file a response to plaintiffs' motion, the court addresses each of the factors to ensure that plaintiffs meet the requirements to obtain a preliminary injunction. See Winter, 555 U.S. at 24 (explaining that a "preliminary injunction is an extraordinary remedy never awarded as of right").

1. Likelihood of success on the merits

The court finds that plaintiffs have shown a likelihood of success on the merits of their RFRA claim. Under RFRA, the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a). The statute provides a single exception that applies if the government demonstrates that the

---

[1] Plaintiff's motion requests that the court order defendants to allow plaintiffs access to Broadview "twice daily during through the pendency of this action." The court does not reach this issue in this order.

application of the burden to the person: "(1) is in is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b); see also Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 430 (2006) (explaining that RFRA adopted a "strict scrutiny test").

The court finds that the government has substantially burdened plaintiffs' exercise of religion. Plaintiffs allege that the government has "denied [p]laintiffs the right to pray on the facility grounds after erecting a fence around the Broadview facility in September 2025." In addition, plaintiffs allege that the government has denied them "permission to enter the facility and minister to detainees, despite multiple attempts" and "ordered that no prayer is allowed on federal property on or in the Broadview facility." Defendants do not deny these allegations.

Plaintiffs argue that prayer and ministry to the migrants and detainees at Broadview is an important religious practice. RFRA requires a court to analyze if a government practice substantially burdens a person's exercise of religion, not whether the religious practice burdened is "essential." West v. Radtke, 48 F.4th 836, 845 (7th Cir. 2022) (holding that the assessment of whether a burden is substantial does not focus on "the centrality of the religious practice in question").

The Seventh Circuit has "identified three ways plaintiffs can prove that a law or regulation substantially burdens their religious practice." Soc'y of Divine Word v. United States Citizenship & Immigr. Servs., 129 F.4th 437, 450 (7th Cir. 2025). Plaintiffs can show that the law or regulation, "(1) compelled them to perform acts undeniably at odds with fundamental tenets of their religious beliefs, (2) put substantial pressure on them to modify their behavior and to violate their beliefs, or (3) bears direct, primary, and fundamental responsibility for rendering

a religious exercise effectively impracticable." Id. (cleaned up).

Here, defendants' denial of plaintiffs' access to Broadview clearly satisfies at least the third category. Defendants' bar on plaintiffs' visitation to Broadview is fundamentally responsible for rendering plaintiffs' religious exercise of providing ministry to detainees and migrants effectively impracticable. The court rejects defendants' argument that plaintiffs' religious exercise is not substantially burdened because plaintiffs are permitted to provide ministry to detainees and migrants at permanent detention centers elsewhere, in states other than Illinois. The court takes "at face-value the claimant's stated belief" that ministering to detainees specifically at Broadview, who hail from local parishes and share a religious community with plaintiffs, is core to their religious practice. Soc'y of Divine Word, 129 F.4th at 450. See generally "Pope Leo XIV calls on Trump administration to allow detainees in Broadview to receive communion," Chicago Tribune, Nov. 5, 2025.

Because plaintiffs have shown that defendants have substantially burdened their exercise of religion, the burden shifts to defendants to show that the burden is in furtherance of a compelling governmental interest, and that it is the least restrictive means of furthering that compelling governmental interest. Defendants have not attempted to make such a showing. Thus, at this preliminary stage, plaintiffs have made a "'strong' showing that reveals how [they] propose[ ] to prove [their] case" under RFRA. Bevis, 85 F.4th at 1188.

2. Irreparable Harm

Plaintiffs argue that there is "irreparable injury to the Plaintiffs, whose lives are devoted to providing religious ministry and spiritual consolation to those who are most in need of it. Plaintiffs have lost their own religious freedom, by blanket denial of any opportunity to provide

spiritual consolation." The Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Consequently, plaintiffs have shown that they are likely to suffer irreparable harm in the absence of preliminary relief.

3. Balance of Equities and Public Interest

The court agrees with plaintiffs that the balance of equities tips in plaintiffs' favor. As plaintiffs note, Broadview allowed plaintiffs' religious visitation to Broadview for years before reversing course relatively recently. The court also notes that its previous preliminary injunction order (Doc. 26) directing defendants to permit the plaintiffs to provide religious services at Broadview on Ash Wednesday was successfully implemented without incident. With reasonable notice and communication, addressing legitimate security and safety concerns, allowing plaintiffs to provide pastoral care to migrants and detainees does not pose any undue hardship on the government.

The court also agrees with plaintiffs that the injunction is in public interest. Allowing plaintiffs to provide pastoral care to migrants and detainees will improve the condition of those detained at Broadview. Consequently, the court finds that the balance of equities tips strongly in plaintiffs' favor, and that an injunction is in the public interest.

*** 

Having determined that plaintiffs have satisfied the requirements to obtain a preliminary injunction, and taking into consideration the parties' arguments and representations in today's hearing, the court grants plaintiffs' motion in part and orders the following:

5

1. Defendants are directed to allow plaintiffs to access the Broadview facility on each day of Holy Week, from Thursday April 2, 2026, through Sunday April 5, 2026, to offer services for those who desire them.

2. The parties are directed to meet and confer to establish an appropriate protocol for the purposes of safety and security with regard to the Holy Week services.

3. Based on the parties' representations during today's proceedings, the court directs them to meet and confer with regard to plaintiffs' religious ministry at the Broadview facility after Holy Week, including: (1) personal interactions between plaintiffs and detainees; and (2) the ability of plaintiffs to engage in prayer outside of the Broadview facility and in view of the detainees.

4. The visits on Holy Week will take place in a space sufficient for services.

5. The visits will occur at a time agreed to by the parties.

6. No more than four visitors may attend on behalf of plaintiffs, absent agreement of the parties.

7. Plaintiffs will provide defendants with 24-hour notice of the identity of the four individuals who will visit the Broadview facility on Holy Week.

8. Plaintiffs' visitors shall be afforded the opportunity to briefly address the detainees as a group in order to explain their role and invite detainees to participate in Holy Week services.

9. No detainee will be required to participate in Holy Week services.

10. Plaintiffs' visitors will be required to undergo standard background check, ID verification, and usual security protocol for visiting the facility.

11. Plaintiffs' visits should preserve Immigration and Customs Enforcement's ("ICE") ability to implement security measures so as to avoid interference with facility operations and with operational parameters reasonably determined by ICE.

12. This matter is set for an in-person status hearing on April 7, 2026, at 11:00 a.m.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:  March 31, 2026**