**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COALITION FOR SPIRITUAL AND PUBLIC LEADERSHIP, FR. LARRY DOWLING,  SR. JEREMY MIDURA, F. DENNIS BERRY, FR. DAN HARTNETT, and MICHAEL N. OKINCZYC-CRUZ | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 25 C 14168 (RWG) |
| -against- | ) ) | |
| MARKWAYNE MULLEN, TODD LYONS,  MARCOS CHARLES, RUSSELL HOTT, RODNEY S. SCOTT, PAMELA BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, and DONALD J. TRUMP | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MOTION TO STAY THE SCHEDULING ORDER TO
RESPOND TO DEFENDANTS' RULE 59(e) MOTION TO
AMEND JUDGMENT GRANTING PRELIMINARY INJUNCTION**

Plaintiffs move pursuant to Fed. R. Civ. P. 16(b)(4) for an order staying the Scheduling Order directing Plaintiffs' response to Defendants' Rule 59(e) Motion to Amend Judgment Granting Preliminary Injunction so that Plaintiffs may take expedited discovery to adequately respond to Defendants' Rule 59(e) motion.  Plaintiffs seek 45 days for such limited expedited discovery.

The Court has issued three orders allowing Plaintiffs and other clergy to access the U.S. Immigration and Customs Enforcement ("ICE") facility in Broadview, Illinois, pursuant to  the Religious Freedom Restoration Act (RFRA), 42 U.S.C. 2000bb-1(a). Defendants are seeking to

modify the Court's latest Preliminary Injunction, which directs Defendants "to allow plaintiffs to access the Broadview facility on each day of the pendency of this litigation to offer services for those who desire them." Preliminary Injunction Order at 6, ¶ 2; ECF No. 40. The evidentiary support for Defendants' motion is the representations made in the Declaration of Acting Assistant Field Office Director Keith Taylor (the "Taylor Declaration"). None of the representations in the Taylor Declaration have heretofore been proffered by Defendants, nor have the Plaintiffs had the opportunity to cross-examine or verify.

Plaintiffs seek a stay to conduct expedited discovery to support their response to the Defendants' Rule 59(e) motion, including the representations both therein and in the Taylor Declaration. Plaintiffs request a 45 day period for such discovery, in which to seek (1) depositions of Keith Taylor and the ICE personnel upon whom he relied for the events stated in his declaration; (2) entry into the Broadview ICE facility by Plaintiffs' counsel and detention experts, as well as the opportunity to photographs of the facility to address the space related issues raised in Defendants' motion; and (3) the opportunity to request the production of documents. Thus, this limited discovery is "reasonably targeted and clear so that the burden on Defendants will be minimal." *Malam v. Adducci*, No. 20-10829, 2020 WL 12738917, at \*2 (E.D. Mich. Apr. 30, 2020). Moreover, Plaintiffs' requests are, at most, minimally burdensome and reasonable given Defendants' reliance on the Taylor Declaration in support of their claims.

Courts "primarily consider[] the diligence of the party seeking amendment" of a deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Here, Plaintiffs have diligently filed their motion and have not delayed in seeking a stay to take expedited discovery. Defendants' motion was filed at 10:15 p.m. on May 5, 2026, and Plaintiffs'

motion is being filed six days later, on May 11, 2026. Plaintiffs, therefore, satisfy the diligence requirement supporting a stay,

The discovery Plaintiffs seek is reasonable, as it is chiefly directed towards the only document proffered in support of Defendants' Rule 59(e) motion to amend the preliminary injunction that was granted after full briefing by both parties. Courts consider four factors in assessing expedited discovery, such as those Plaintiffs are requesting here: (1) the status of the preliminary injunction, (2) the purpose for requesting discovery, (3) the breadth of the discovery sought, and (4) the burdensomeness on the opposing party. *Campaignzero, Inc. v. Staywoke Inc.*, No. 20-cv-06765, 2020 WL 7123066, at *1 (N.D. Ill. Dec. 4, 2020). As noted above, the preliminary injunction here was fully briefed by the parties. Plaintiffs seek discovery to address arguments that heretofore have not been submitted  for consideration by Plaintiffs or the Court. The breadth of the discovery is limited to representations and arguments in the Taylor Declaration and Defendants' motion. And it minimally burdens Defendants, as the scope of the discovery is grounded upon the Taylor Declaration and Defendants' motion, into which Defendants should already have conducted a reasonable inquiry under the Federal Rules.

Accordingly, Plaintiffs request that the Court grant their motion and stay the Scheduling Order directing them to respond to Defendants' motion by May 27, 2026, and allow Plaintiffs to take expedited discovery for a 45 day period before responding to said motion.

Dated: May 11, 2026            Respectfully submitted,

           /s/ *Thomas H. Geoghegan*
           Attorney for Plaintiffs

           Thomas H. Geoghegan
           Will W. Bloom
           **DESPRES, SCHWARTZ, &**
           **GEOGHEGAN, LTD.**
           77 West Washington Street, Suite 711

Chicago, Illinois 60602
Tel.: (312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom
**POMERANTZ LLP**
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel.: (312) 377-1181
pdahlstrom@pomlaw.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed with the Clerk of the Court for the United States Court of the Northern District of Illinois and served on all parties of record through the Court's CM/ECF system on May 11, 2026. Parties of record may obtain a copy through the Court's ECF system.

/s/ Thomas H. Geoghegan
Attorney for Plaintiffs

4