**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COALITION FOR SPIRITUAL AND PUBLIC LEADERSHIP, FR. LARRY DOWLING, SR. JEREMY MIDURA, FR. DENNIS BERRY, FR. DAN HARTNETT, and MICHAEL N. OKIŃCZYC-CRUZ, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 25 C 14168 |
| MARKWAYNE MULLIN, TODD LYONS, MARCOS CHARLES, RUSSELL HOTT, RODNEY S. SCOTT, TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF JUSTICE, and DONALD J. TRUMP. | ) | Magistrate Judge McNally |
| Defendants. | ) | |

**AGREED MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

The defendants, by their attorney Andrew S. Boutros, United States Attorney for the Northern District of Illinois, moves the court for entry of an Agreed Confidentiality Order Governing Defendants' Production to Plaintiffs, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Privacy Act, 5 U.S.C. § 552a. In support of this motion, the defendants state as follows:

1. This lawsuit concerns clergy access to arrestees at the U.S. Immigration and Customs Enforcement facility located in Broadview, Illinois. The District Court granted plaintiffs' request to take expedited discovery on May 14, 2026. Dkt. 52.

2. The parties anticipate that, during discovery, defendants may produce (a) government records that might contain tactical and other information related to law enforcement

activities or national security not made available to the general public that could be used to circumvent law enforcement efforts; (b) Sensitive information about the relevant agencies' internal processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public; (c) Department of Homeland Security, Immigration and Customs Enforcement, U.S. Customs and Border Protection, or Department of Justice records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(7)(E); and (d) Personally Identifiable Information relating or belonging to non-public facing federal officers, employees, and staff, including, but not limited to, names, addresses, email addresses, and telephones numbers, which if released could endanger the privacy and safety of such officers, agents, employees, and staff.

3. To permit such disclosures and discovery without running afoul of the Privacy Act, the defendants requests that the court enter a confidentiality order and an order pursuant to 5 U.S.C. § 552a(b)(11), which permits disclosure of such records or testimony "pursuant to the order of a court of competent jurisdiction." The proposed order will be submitted to the court's proposed order email inbox.

4. The proposed order, is based on the Agreed Confidentiality Order entered in the Broadview conditions of confinement case, *Moreno Gonzalez et al. v. Mullin et al.,* No. 25 C 13323 (Dkt. 103). The proposed order includes necessary Privacy Act provisions that both allow for the disclosure of federal agency records and specifically protect the agency records that will be

disclosed and produced in this case. Further, the term "regulation" is inserted after "statute" in paragraph 2(a) to address the numerous regulations (in addition to statutes) that protect agency records. *E.g.*, 28 C.F.R. § 16.26(b)(5) (prohibiting disclosures that would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.); 5 C.F.R. § 297.101, et seq. (concerning OPM records, and specifically prohibiting release of personnel records or personal information without the express written consent of the subject individual unless disclosure is— . . . (k) Pursuant to the order of a court of competent jurisdiction."). Moreover, the deletion of the retention requirement for the original Acknowledgment and Agreement to Be Bound in paragraph 5(c) reflects the federal government's transition to electronic records management.

5. Finally, the litigation of this matter may involve the production of information that would reveal confidential information about the security of the U.S. Immigration and Customs Enforcement facility located in Broadview, Illinois, such as security infrastructure not visible to detainees, or could endanger the life or physical safety of individual(s) or impede law enforcement operations. Language has been added to the proposed Privacy Act and confidentiality order at paragraph 19 to allow for certain documents that present heightened security concerns to be designated as "Attorney's Eyes Only." Furthermore, only through a mechanism that allows sensitive materials to be marked as "Attorney's Eyes Only", is the material effectively protected.

6. The Order is designed to facilitate the discovery process and limit court involvement to only when necessary.

7. Plaintiffs, having reviewed the proposed order, are in agreement with this request.

WHEREFORE, the defendants respectfully request that the Court enter the Agreed Privacy Act and Confidentiality Order submitted with this motion.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Sarah F. Terman
SARAH F. TERMAN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6201
sarah.terman@usdoj.gov